UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

Civil Action No. 3:19-cv-300

| | |
|---|---|
| **MARVIN T. PHILLIPS,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**ALLIANCE HEALTHCARE SERVICES, INC.,**<br><br>    **Defendant.** | |

## NOTICE OF REMOVAL

# EXHIBIT A

| STATE OF NORTH CAROLINA | | File No. 19 CVS ____ |
|---|---|---|
| CALDWELL County | | In The General Court of Justice<br>☐ District ☒ Superior Court Division |
| **Name of Plaintiff**<br>MARVIN T. PHILLIPS | | **CIVIL SUMMONS** |
| Address | | |
| City, State, Zip | | ☐ Alias and Pluries Summons |
| **VERSUS** | | G.S. 1A-1, Rules 3, 4 |
| **Name of Defendant(s)**<br>ALLIANCE HEALTHCARE SERVICES, INC. | Date Original Summons Issued | |
| | Date(s) Subsequent Summon(es) Issued | |

**To Each of The Defendant(s) Named Below:**

| Name And Address of Defendant 1 | Name And Address of Defendant 2 |
|---|---|
| ALLIANCE HEALTHCARE SERVICES, INC.<br>c/o CT Corporation System, Registered Agent<br>160 Mine Lake Court, Ste 200.<br>Raleigh, NC 27615-6417 | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address of Plaintiff's Attorney (If None, Address of Plaintiff)<br>Clark D. Tew<br>113 N. Center St., Ste 200<br>Post Office Box 1776<br>Statesville, NC 28687 | Date Issued 5/23/19 | Time 11:44 ☒ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

| ☐ ENDORSEMENT<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

**NOTE TO PARTIES:** Many Counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts    (Over)

| | | **RETURN OF SERVICE** | |
|---|---|---|---|
| I certify that this Summons and a copy of the complaint were received and served as follows: | | | |

## DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to person named below.

*Name And Address of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name of Sheriff (Type or Print) |
| Date of Return | County of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01
© 2001 Administrative of the Courts

STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE
FILED
COUNTY OF CALDWELL | SUPERIOR COURT DIVISION
19-CVS-_____

2019 MAY 23 A 11: 45

CALDWELL COUNTY C.S.C.

BY _____

| | |
|---|---|
| MARVIN T. PHILLIPS, **Plaintiff** | |
| vs. | **COMPLAINT** (Jury Trial Demanded) |
| ALLIANCE HEALTHCARE SERVICES, INC., **Defendant.** | |

COMES NOW the Plaintiff, Marvin T. Phillips, by and through the undersigned counsel, who does allege and say of the Defendant, Alliance HealthCare Services, Inc., as follows:

## PARTIES

1. Plaintiff Marvin T. Phillips (hereinafter, "Phillips") is an individual and resident of Hudson, Caldwell County, North Carolina, and was employed by Defendant within the State of North Carolina.

2. Defendant Alliance HealthCare Services, Inc. (hereinafter, "Alliance") is an entity formed and existing under the laws of the State of Delaware, with a principal location in Irvine, Orange County, California. In North Carolina, Alliance, doing business as "Alliance Imaging," operates one or more offices, including one in Shelby, Cleveland County, at which Phillips was employed at the time of his termination.

3. Alliance transacts business in the State of North Carolina by providing healthcare services, namely radiological testing, throughout the State of North Carolina, in various medical facilities throughout this State

1

## JURISDICTION AND VENUE

4. The North Carolina General Court of Justice has personal jurisdiction over the named Defendant by virtue of both the Defendant's continuous operations in this State, and by virtue of the incidents giving rise to this complaint having occurred within this State.

5. The North Carolina General Courts of Justice have subject matter jurisdiction over this action.

6. Upon information and belief, the Superior Court Division of the North Carolina General Court of Justice in operation in Caldwell County, North Carolina is the sole appropriate and proper forum for this action, as said county is the county in which Plaintiff resides.

## FACTS ALLEGED

7. Phillips was employed by Defendant at all times relevant to this Complaint, until October 5, 2016. The Defendant exercised control over Phillips' schedule, and set the terms and conditions of his pay and the requirements for his job performance.

8. Phillips served as a PET/CT Technologist, and was based out of western North Carolina. From that location, he traveled to healthcare facilities within western North Carolina as directed by his supervisors and provided radiological testing to patients, including, but not limited to, the use of radiopharmaceutical substances in such testing.

9. Phillips was at all times related hereto performing his job to the reasonable expectations of his employer.

10. On or about September 3, 2016, Plaintiff was working for the Defendant at Cleveland Regional Medical Center ("CRMC") in Shelby, Cleveland County, North Carolina.

11.     On that date, Plaintiff was providing treatment to a patient by injecting the patient with Fludeoxyglucose ("FDG"), which is a radiopharmaceutical material regulated by North Carolina law.

12.     The dose of FDG to be injected leaked onto some absorbent paper, and a subsequent dose was required. The Plaintiff accurate wrote down the correct dosage, and the patient's interpreter was told.

13.     Subsequently, a co-worker of the Plaintiff, upon information and belief, pursuant to the express or implied instruction and policy of the Defendant, altered the records recorded by the Plaintiff to show a reduced dosage having been administered, and to indicate that only one dose had been provided instead of two.

14.     Plaintiff raised his concern with his coworker that the records were not correct, and not in compliance with North Carolina law.

15.     The Defendant's actions, and the actions of its agent and employee (Plaintiff's coworker) were not compliant with North Carolina law, including, but not limited to, 10A NCAC 15 .0359, which incorporates the requirements under Federal law (10 CFR 35.63 & 35.2063) that the Defendant maintain an accurate record of dosages of radiopharmaceutical materials administered to patients in a medical setting.

16.     Subsequently, because Defendant's agent and employee altered Plaintiff's record over Plaintiff's objection, the patient was given an unnecessary dosage of radiation. Defendant's employee working with the Plaintiff became angered and shut down the entire scan out of his anger at Plaintiff's opposition to his actions.

17.     Had the dosages been recorded accurately, Defendant would not have been required to re-do the scans, and potentially endanger the health of the patient due to the patient's receiving excess radiation.

18. Plaintiff continued to complain to his coworker. Subsequently, the Plaintiff and his coworker engaged in a heated argument about the legality and safety implications of the Defendant's actions, by and through the coworker.

19. Plaintiff subsequently and within a short period of time following September 3, 2016, reported this incident, including the spill of radiopharmaceuticals and the subsequent falsification of documents by the Defendant's agent, to Plaintiff's manager.

20. Plaintiff's manager confirmed to him that no protocol then existed as to how to deal with dealing with a material leakage of the type described hereinabove, and confirmed that the manner in which the Plaintiff had attempted to account for the dosage of radiopharmaceutical material was more accurate than the method the Plaintiff's co-worker had attempted to use, which was to take no measurement at all.

21. Upon information and belief, no action was taken as to Plaintiff or his co-worker at that point.

22. Because Plaintiff's concerns were not being addressed by the Defendant, Plaintiff contacted the North Carolina Department of Health and Human Services, Division of Health Service Regulation, Radiation Protection Section ("RPS") and began communicating with Lee Cox ("Cox") and Travis Cartoski ("Cartoski") on or about September 19, 2016.

23. RPS regulates the use and maintenance of radiopharmaceuticals in the health care industry win North Carolina pursuant to North Carolina statutes and the North Carolina Administrative Code. Cox was, at the time, the Chief of RPS, and Cartoski was, at the time, an employee of RPS entrusted with authority to investigate complaints of the nature of the Plaintiff's.

24. At all points, Cartoski assured Plaintiff that he was protected by law in making his concerns known to RPS, and that he could not be terminated or disciplined for his complaints.

25. Upon information and belief, on or about September 23, 2016, Defendant received notice from RPS that that agency would be inspecting one or more of its facilities based on a complaint made by an employee.

26. Upon information and belief, Defendant knew that the complaint that lead to the investigation by RPS was that of the Plaintiff, as Plaintiff was the only employee of Defendant to have complained, close in time to the investigation, about Defendant's recordkeeping and policies and procedures related to spillage of radiopharmaceuticals.

27. Upon information and belief, RPS advised Defendant that Plaintiff's complaint led to the investigation, or provided Defendant with sufficient information that allowed them to reasonably deduce that Plaintiff's complaint lead to the investigation.

28. On September 23, 2016, Plaintiff was placed on "investigative leave." This leave continued through and following a planned vacation taken by the Plaintiff.

29. On September 24, 2016, RPS did, in fact, inspect one or more of Defendant's facilities in North Carolina.

30. On October 5, 2016, Plaintiff was terminated from his employment by the Defendant, purportedly for "violation of Alliance Policy." Upon information and belief, these violations were not, in fact, violations of any policy communicated to Plaintiff, and were items for which other employees had not been punished in the manner Plaintiff was.

31. Defendant does not maintain an adequate policy on the spillage of radiopharmaceuticals under these circumstances, and it did not provide Plaintiff adequate notice of what policies it did, in fact, maintain.

32. Plaintiff had adequately reported the incident, including the spillage of material, to the Defendant at or shortly after the time at which the incident described herein occurred.

33. The barebones reasons provide by the Defendant for Plaintiff's termination were pretextual.

34. Phillips' termination was solely because of his protected reporting of Defendant's and Defendant's employees' misconduct in violation of North Carolina law and the North Carolina Administrative Code.

35. Upon information and belief, Defendant's termination of Phillips did not conform to their usual disciplinary practices. Subsequently, the Defendant's Human Resources Business Partner fabricated a basis for Phillips' termination.

36. Upon information and belief, Defendant terminated Phillips solely as punishment for Phillips' complaint to RPS.

37. Phillips' complaint to RPS was protected by, *inter alia*, N.C. Gen. Stat. §§ 104E-3, 104E-12, 104E-23, 95-241(a)(3); and 10A NCAC 15 .1007(c) and 10A NCAC 15 .0359, *inter alia*.

## FIRST CAUSE OF ACTION
## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

38. The Plaintiff hereby incorporates by reference paragraphs 1 through 36 as if stated fully herein.

39. The Defendant employed Phillips until his termination on October 5, 2016.

40. Phillips was terminated due to his having engaged in a legally-protected activity as described herein.

41. Defendant's termination of Phillips was and is in violation of public policy as expressed by, *inter alia*, North Carolina General Statute §§ 104E-3, 104E-12, 104E-23, 95-

241(a)(3); and North Carolina Administrative Code §§ 10A NCAC 15 .1007(c) and 10A NCAC 15 .0359.

42. Phillips has been damaged by Defendant's actions in an amount exceeding $25,000.00, to be proven with more specificity at trial.

43. The Defendant's actions as alleged in this Complaint were willful and wanton, were in reckless disregard of the Plaintiff's rights, and the Plaintiff is entitled to recover punitive damages against the Defendant pursuant to N.C. Gen. Stat. §1D-15.

## PRAYER FOR RELIEF

NOW WHEREFORE the Plaintiff does pray the Court as follows:

1. That the Plaintiff have and recover a judgment against Defendant an amount to exceed $25,000.00, to be proven more specifically at the time of trial, which judgment shall include lost wages, lost benefits, and economic and compensatory damages as allowed by law.

2. That the Plaintiff have and receive declaratory judgment in his favor pursuant to N.C. Gen Stat. § 1-253, *et seq.*, holding that the actions of the Defendants were in violation of public policy.

3. That an award of punitive damages against the Defendant be assessed for the Defendant's willful and wanton disregard of the Plaintiff's rights pursuant to N.C. Gen. Stat. §1D-15.

4. That all issues so triable be tried by jury;

5. That the costs of this action be taxed against the Defendants;

6. For such further and other relief as the Court deems just, fitting, and proper.

This the 20th day of May, 2019.

**Pope McMillan, P.A.**
Attorneys for the Plaintiff

By: _____
Clark D. Tew
N.C. State Bar No. 41632
P.O. Drawer 1776
Statesville, NC 28687
(704) 873-2131
ctew@popemcmillan.com

NORTH CAROLINA

CALDWELL COUNTY

**FILED**

2019 MAY 23 A 11: 45

CALDWELL COUNTY C.S.C.

<u>**VERIFICATION**</u>

MARVIN T. PHILLIPS, affirms, deposes, and says as follows:

BY

That he is the Plaintiff in the foregoing action; that he has read the **COMPLAINT** and knows the contents thereof; that the same is true of his own knowledge, except as to those matters and things stated therein upon information and belief, and as to those, he believes them to be true.

_____
MARVIN T. PHILLIPS

STATE OF NORTH CAROLINA

COUNTY OF CALDWELL

I, Christopher A. Early, a Notary Public in and for the State of North Carolina, do hereby certify that **MARVIN T. PHILLIPS** personally appeared before me this day and acknowledged the due execution of the foregoing Verification for the intents and purposes therein expressed.

Witness my hand and notarial seal this 15th day of May, 2019

_____
Christopher A. Early
Notary Public

My Commission Expires: January 27, 2023

9